IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES LVONNE SMITH, JR., | : | CIVIL ACTION NO. |
| Inmate # BOP Reg. 40934-019, | : | 1:08-cv-0231-JEC |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:01-cr-841-JEC |
| v. | : | |
| | : | MOTION TO VACATE |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. §2255 |
| Respondent. | : | |

**ORDER AND OPINION**

This case is before the Court on defendant Charles Smith's motion to vacate his sentence, pursuant to 28 U.S.C. §2255 [258]. Following trial, Smith had been sentenced to 300 months for bank robbery and to a consecutive mandatory sentence of 84 months for carrying a gun during this crime. In his §2255 motion, defendant primarily challenged the imposition by the sentencing judge, the Honorable Beverly B. Martin, of a sentence within the career offender range for the bank robbery offense. Defendant argued that, while he did have three prior predicate convictions that properly triggered application of the career offender guideline, he was in the process of having at least two of those convictions vacated. If vacated, defendant argued, case authority would permit the sentencing judge to resentence

him without utilizing the career offender guideline. Accordingly, he requested a stay to accomplish this task.

Judge Martin granted defendant an indefinite stay on May 21, 2008. Since then, defendant has advised that the Georgia Supreme Court refused to allow him an out-of-time appeal on one predicate conviction. While defendant had gotten one conviction vacated by the time of his motion,[1] he still has two predicate convictions, which are sufficient to trigger application of the career offender guideline. The case has now been reassigned to the undersigned who, therefore, **DENIES** defendant's motion to vacate sentence [258].

## I. BACKGROUND

Defendant was charged, in a seven-count indictment, with having engaged in a crime spree on November 4 and November 7, 2001 that included three robberies of convenience stores and one robbery of a bank, as well as the carrying of a firearm during three of these robberies. (Indictment [54].) In the first trial, a jury acquitted defendant of all counts connected with

---

[1] At sentencing, Smith had a 1986 burglary conviction on his record, but he later was allowed to withdraw his guilty plea in that case, and the State nolle prossed the burglary charge. (*See* Order [265] at 4-5.)

2

the convenience store robberies, but could not reach a verdict on the two counts related to the bank robbery: that is, the robbery and the carrying of a gun during the robbery. ([124, 127].)

Following a second trial on the two counts related to the bank robbery, the jury again hung and a mistrial was declared. ([168].) During a third trial, the jury convicted the defendant of both counts. ([218].)

On August 8, 2003, Judge Martin sentenced the defendant to 300 months on the robbery count and to 84 months on the §924(c) count. ([230].) Defendant appealed his conviction and sentence. The Eleventh Circuit affirmed defendant's conviction and sentence on September 14, 2005. ([255].) According to the circuit court's opinion, the defendant raised four issues: collateral estoppel; the reliability of eyewitness identification testimony; the district court's failure to give a requested instruction on the latter; and the district court's refusal, in the absence of a Government motion, to confer a downward departure on the defendant for his alleged substantial assistance. The circuit court rejected all of the defendant's

3

challenges to his conviction and his sole challenge to his sentence.

On January 22, 2008, the defendant, represented by retained counsel, filed the present motion to vacate sentence. Defendant contended that new evidence would show that he was not a career offender, as the defendant had recently gotten vacated one of his three predicate convictions--a 1986 conviction in Whitfield County[2]-and had filed a motion to vacate his Fulton County drug conviction. ([258-2] at 1-2.) According to defendant, this would leave only one burglary conviction, which would be insufficient for career offender status. Defendant requested that Judge Martin stay the proceedings to enable him to obtain a ruling on his motion to vacate the Fulton County plea. ([258-1] at 7.)

On May 21, 2008, Judge Martin issued an Order [265] denying two of the defendant's grounds for relief: (1) trial counsel's alleged ineffectiveness, reflected in his failure to dispute the existence of the Fulton County conviction[3] and (2) the trial

---

[2] *See* Motion to Vacate Sentence at Exhibit A [258-1].

[3] It was difficult for Judge Martin, and is difficult for the undersigned, to discern what defendant's argument is on this point. Defendant does not dispute that any overturning of a

4

court's error in not providing a 5K1.1 downward departure, notwithstanding the Government's refusal to make the appropriate motion. (*Id.* at 6-10.) Judge Martin did, however, agree to stay the proceedings pending a resolution of defendant's challenge to his 1993 Fulton County conviction. She noted her inherent power to do so and the prejudice that would result to defendant if she did not stay the proceedings, as defendant would be unable to file a second §2255 should he later prove successful in vacating his state conviction. (*Id.* at 10-12.)

On March 11, 2009, defendant's habeas counsel notified Judge Martin that the Georgia Supreme Court had denied the

---

state conviction would have to be initiated in the state court system. Indeed, he notes that federal trial counsel made an "innovative," but ultimately futile, effort to collaterally challenge a state court conviction at the federal sentencing proceeding. To the extent that defendant is arguing that his federal trial counsel should have, himself, delayed the federal sentencing proceeding to get the state convictions vacated, defendant cites no authority for such a duty by federal counsel. Moreover, as Judge Martin stayed the proceedings to allow present counsel to litigate those underlying state convictions, nothing was lost by federal trial counsel's failure to do so. Finally, present counsel has attempted to vacate at least two of the three underlying convictions and has been unsuccessful, even with a generous allowance of time to do so. Accordingly, defendant provides no support for any argument that federal trial counsel, who was the same attorney who obtained acquittal on five counts and two hung juries on the remaining two counts, was in any way ineffective in this case.

5

defendant's request for an appeal of his Fulton County conviction. (Notice of Case Status [267].) As the defendant was apparently not challenging his other burglary conviction, this meant that the defendant still had two prior predicate convictions and that defendant was therefore still properly designated as a career offender. Thereafter, when Judge Martin was appointed to the Eleventh Circuit, the case was reassigned to the undersigned.

## II. **DISCUSSION**

Although he has been given ample time, defendant has been unable to overturn two of his predicate convictions. Thus, his status as a career offender remains intact. As to any ineffective assistance claim in connection with the predicate convictions, he does not argue that federal trial counsel for the present case was ineffective in failing to point out any defects in those convictions. Instead, he argues that any ineffectiveness arose earlier out of state counsel's failure to advise the defendant that his guilty plea on these state offenses could someday, if he were ever convicted of a federal crime of violence, be utilized to enhance his federal sentence by rendering him a career offender. ([267] at 1-2.) Moreover,

6

in his initial motion to vacate sentence, defendant states that his federal trial counsel's "attempt to try one of [defendant's] unconstitutional pleas before the [federal sentencing court] was innovative, but referral of petitioner to state court habeas proceedings was necessary." ([258-2] at 2.)

Indeed, defendant's efforts to have his §2255 proceedings stayed until he could obtain a ruling on his motion, at the state level, to vacate his prior drug conviction, was an implicit admission that any illegality in the underlying conviction could not be litigated through a federal post-conviction proceeding. Defendant's implicit admission is grounded in Eleventh Circuit case authority. That is, the Eleventh Circuit has held that a federal defendant may not in a federal sentencing proceeding attack collaterally a prior state conviction used to support a career offender enhancement, except where the attack is based on a violation of the right to counsel. In *United States v. Farris*, 77 F.3d 391, 397 (11th Cir. 1996), the Eleventh Circuit rejected a challenge to the imposition of a career offender sentencing enhancement, based on a contention that the defendant did not freely and voluntarily enter the underlying plea and therefore that the

7

underlying state conviction was defective. The Circuit noted that a federal sentencing court is not the place to make such challenges. That is, before a federal sentencing court can inquire into the constitutional validity of a plea tendered in an underlying conviction, the defendant must demonstrate that the underlying conviction is "presumptively void." *Id.* Further, "with the exception of convictions obtained in violation of the right to counsel (that is, convictions in the absence of a lawyer), defendants in federal sentencing proceedings may not collaterally attack state court convictions used to enhance their sentences...." *Id.* In short, unless a defendant was denied the right to counsel in connection with an underlying conviction, the defendant cannot collaterally attack that conviction in a federal sentencing hearing. *Accord, United States v. Houston*, 249 Fed. App'x 784, 786 (11th Cir. 2007); *United States v. Watson*, 239 Fed. App'x 519, 522 n.2 (11th Cir. 2007).

As the defendant could not at sentencing, or in this post-conviction proceeding, challenge the constitutionality of his underlying state convictions and as the defendant has been unable to persuade the state courts to vacate at least two of

8

the three underlying convictions, those convictions remain valid. Accordingly, the defendant has no basis to challenge the imposition of a career offender enhancement by Judge Martin. His §2255 motion [258] must therefore be **DENIED.**

III. **CERTIFICATE OF APPEALABILITY**

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of his motion to vacate. 28 U.S.C. §2255(d); 28 U.S.C. §2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009)(citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an

9

appeal from the denial of a 28 U.S.C. §2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000)(applying *Slack* standard in §2255 case).

For the reasons set forth herein and in Judge Martin's previous order [265], the Court finds that Smith has not raised a claim of arguable merit, deserving of encouragement to proceed further.[4] Therefore, the Court **DENIES** Smith's 28 U.S.C. §2255 motion to vacate his sentence [258], **DISMISSES** this action, and **DENIES** Smith a certificate of appealability.[5]

**IT IS SO ORDERED** this 8th day of MARCH, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that both the undersigned and Judge Martin let this case sit for a substantial period of time after the defendant's notification of his inability to have his underlying state conviction vacated. This gave defendant a lengthy period of time to determine whether the controlling law might change. It has not.

[5] Defendant, *pro se,* has recently filed a motion to amend his motion to vacate sentence [272]. This motion is nothing more than an effort to relitigate the eye witness issue, which issue was thoroughly vetted by the Eleventh Circuit in its opinion affirming the conviction. Accordingly, the Court **DENIES** defendant's motion to amend [272].

10